liGRANTED.
Relator failed to raise, in a timely and proper manner, the issue of a link between the SV40 virus and mesothelioma being discovered after its previous testing *2 of the tissues taken from Dr. Patrick prior to his death. Consequently, this court cannot consider that issue.
However, the lower courts erred in utilizing the test for allowing an independent medical examination (IME) to determine whether to allow further testing of the tissue. One cannot analogize testing of the tissue in this case with an IME of a living person or with the performance of an autopsy, {see In re Certain Asbestos Cases, 112 F.R.D. 427, 433 (N.D.Tex.1986)}, both of which are intrusive procedures performed on the human body. Examination of tissue preserved more than eight years ago does not differ from examination of any inanimate substance for the purpose of discovery. Therefore, the heightened test, “for good cause shown,” of LSA-C.C.P. art. 1464 does not apply.
The rulings of the lower courts denying Relator’s motion are vacated. We remand this matter to the trial court to determine whether the SV40 virus and mesothelioma link was, in fact, not discovered until after Relator’s previous testing of the tissue and, if the link had been discovered at the time of the previous testing, whether Relator’s delay was excusable. If this fact is established, the trial court shall allow Relator to perform another examination.
KIMBALL and KNOLL., JJ., would deny the application.